IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:10CR269–HEH
)
DEVONN DEMETRIUS SCOTT, )
)
Petitioner. )

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Petitioner, a federal inmate proceeding with counsel, submitted this motion under 28 U.S.C. § 2255 ("§ 2255 Motion") to vacate, set aside, or correct his sentence. (ECF No. 59.) Petitioner asserted that, in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his enhanced sentence under the United States Sentencing Guidelines ("USSG") as a career offender is unconstitutional.[1]

"Recently, the Supreme Court concluded that the Guidelines are not subject to a vagueness challenge under the Due Process Clause. . . . *Johnson*'s vagueness holding does not apply to the residual clause in [USSG] § 4B1.2(a)(2)." *United States v. Lee*, 855

---

[1] As the Supreme Court has noted,

> [u]nder the Armed Career Criminal Act ["ACCA"] of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that *"involves conduct that presents a serious potential risk of physical injury to another."*

*Johnson*, 135 S. Ct. at 2555 (emphasis added) (quoting 18 U.S.C. § 924(e)(2)(B)). This part of the definition of violent felony "ha[s] come to be known as the Act's residual clause." *Id.* at 2556. The *Johnson* Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id.* at 2563.

F.3d 244, 246–47 (4th Cir. 2017) (citation omitted). Thus, Petitioner's claim lacks merit.[2] Accordingly, the Government's Motion to Dismiss (ECF No. 64) will be granted. The § 2255 Motion (ECF No. 59) will be denied. The action will be dismissed, and the Court will deny a certificate of appealability.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: June 30, 2017
Richmond, Virginia

---

[2] Petitioner also asserted: (1) his prior Virginia conviction for eluding police does not qualify as a "crime of violence" under USSG's § 4B1.2(a)'s force clause (§ 2255 Mot. at 12–13); and (2) his prior Virginia conviction for assault and battery of a law enforcement officer does not qualify as a "crime of violence" under USSG's § 4B1.2(a)'s force clause (*id.* at 14–16). However, these challenges to his career offender enhancement under the guidelines are not cognizable under 28 U.S.C. § 2255. *See Lee*, 855 F.3d at 246–47; *United States v. Foote*, 784 F.3d 931, 939–43 (4th Cir. 2015) (holding that career offender designation is not a fundamental defect that results in a complete miscarriage of justice to warrant review of a sentence), *cert. denied*, 131 S. Ct. 2850 (2017); *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999) (explaining that, "barring extraordinary circumstances," error in the calculation of sentencing guidelines is not cognizable in a § 2255 motion).

2